UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME TALLEY,

    Plaintiff,

v.

KAREN L STROMBOM et al.,

    Defendants.

CASE NO. 3:15-CV-05775-MJP-JRC

ORDER ON RECUSAL

The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Jerome Talley filed a proposed 42 U.S.C. § 1983 complaint. Dkt. 1. Plaintiff did not pay the filing fee or file an application for leave to proceed *in forma pauperis* (IFP). Plaintiff has over fifteen § 1983 cases pending before this Court. In addition to the present case, the undersigned has been referred six other cases filed by plaintiff. *See Talley v. Houser,* Case No. 15-5668 (W.D. Wash.); *Talley v. Olson,* Case No. 15-5609 (W.D. Wash.); *Talley v. Najolia,* Case No. 15-5707 (W.D. Wash.); *Talley v. Sias,* Case No. 15-5501 (W.D. Wash), *Talley v. Strombom et al.,* Case No. 15-5777 (W.D. Wash.), *Talley v. Suko,* Case No. 15-5619 (W.D.

ORDER - 1

Wash.). A report and recommendation remains pending in *Talley v. Olson,* Case No. 15-5609 (W.D. Wash.).

In this case, plaintiff has named the following six federal judges as defendants in this lawsuit, including the undersigned: (1) United States Magistrate Judge Strombom, (2) United States Magistrate Judge Christel, (3) United States Magistrate Judge Creatura, (4) United States District Judge Bryan, (5) United States District Judge Leighton, (6) United States District Judge Settle, and (7) United States District Judge Suko.[1] Dkt. 1. Chief Judge Pechman, the presiding judge, referred the matter to the undersigned under the authority of 28 U.S.C. § 636(b).

All named defendants, except District Judge Suko, are located in the Western District of Washington. District Judge Suko is located in the Eastern District of Washington. Plaintiff alleges that defendants violated plaintiff's rights to equal protection and due process when defendants called plaintiff a "prisoner," "a frivolous litigant," and "person who fails to state claims. Dkt. 1.

Generally, when a judge is named as a defendant in a proceeding over which the judge presides, federal law requires the judge to disqualify himself in the proceeding. 28 U.S.C. § 455(b)(5)(i). Section 455 applies to "any justice, judge, or magistrate [judge] of the United States." 28 U.S.C. § 455(a). While the other principal judicial recusal statute, 28 U.S.C. § 144, is trigged by a party's affidavit, § 455 does not require that a party file a motion and thus, a judge may consider the issue *sua sponte.* A judge shall also disqualify himself in any proceeding in which his impartiality "might reasonably be questioned" or in circumstances where he has a

---

[1] The Court also notes that plaintiff has also named the undersigned as a defendant in several other pending lawsuits where the undersigned has not been assigned to the case. *See Talley v. Creatura,* Case No. 15-cv-5585-LRS (W.D. Wash.) and *Talley v. Creatura et al.,* Case No. 15-cv-5755-BHS.

ORDER - 2

personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

However, courts have found that this requirement is not absolute. Under both federal law and Washington state law, the rule of necessity permits, and even requires that in certain circumstances a judge must preside over a case if the case cannot otherwise be heard. *See U.S. v. Will*, 449 U.S. 200, 213 (1980); *Filan v. Martin*, 38 Wn.App. 91, 94-96 (1984). In a recent case from the Ninth Circuit, a plaintiff named every judge in the District of Montana as a defendant. *Glick v. Edwards,* ___ F.3d ____, 2015 WL 5827583, at *1 (9th Cir. Oct. 7, 2015). The court affirmed the decisions of the assigned magistrate judge and district judge in which the judges declined to recuse themselves even though they were named parties. *Id.* at *3. The Ninth Circuit held that even though § 455(b)(5)(i) provides that a judge should disqualify himself when named as a party, because the plaintiff had sued every judge in the District of Montana, none of the judges were required to recuse themselves under the rule of necessity – an "ancient exception to the rules of recusal …which 'allows a judge, normally disqualified, to hear a case when 'the case cannot be heard otherwise.' " *Glick,* 2015 WL 5827583 at *3 -*4 (*quoting Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit,* 453 F.3d 1160, 1164 (9th Cir. 2006) and *Will,* 449 U.S. at 213). "The rule of necessity provides for the effective administration of justice while preventing litigants from using the rules of recusal to destroy what may be the only tribunal with power to hear a dispute." *Glick,* 2015 WL 5827583 at *4. And further, "the rule of necessity thus permits a district judge to hear a case in which he is named as a defendant where a litigant sues all the judges of the district." *Id.* The court declined to address whether § 455(b)(5)(i) creates an exception when a plaintiff's claims against a judge are improper or frivolous. *Id.* at *3 (*citing Lambert v. Blodgett,* 393 F.3d 943, 965 (9th Cir. 2004)).

ORDER - 3

1	Here, although the undersigned is a named defendant, plaintiff has not sued all of the
2	judges in the Western District of Washington and it may be possible to find a judge in this
3	district that plaintiff has not named as a defendant. Therefore, the rule of necessity exception
4	found in *Glick* does not apply. *See Glick,* 2015 WL 5827583 at *3-*4. The undersigned's recusal
5	does not "destroy what may be the only tribunal with power to hear a dispute" and plaintiff's
6	case may still be heard. *See Glick,* 2015 WL 5827583 at *4.
7	Thus, the undersigned chooses to voluntarily recuse himself from his case. The Court
8	notes that because plaintiff has not filed a motion to recuse and the undersigned does not decline
9	recusal, the undersigned does not refer the motion to the chief judge pursuant to Local Rule 3(e).
10	Dated this 9th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge